UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION



FILED
DEC 22 '98

| | |
|---|---|
| AMERICAN CANOE ASSOCIATION, INC., <br><br> v. <br><br> MURPHY FARMS, INC., d/b/a MURPHY FAMILY FARMS; and D.M. FARMS OF ROSE HILL, L.L.C., <br>    Defendants. | No. 7:98-CV-4-F(1) |
| PROFESSIONAL PADDLESPORTS ASSOCIATION, <br><br> v. <br><br> MURPHY FARMS, INC., d/b/a MURPHY FAMILY FARMS; and D.M. FARMS OF ROSE HILL, L.L.C., <br>    Defendants. | No. 7:98-CV-19-F(1) |
| CONSERVATION COUNCIL OF NORTH CAROLINA, <br>    Plaintiff, <br><br> v. <br><br> MURPHY FARMS, INC., d/b/a MURPHY FAMILY FARMS; and D.M. FARMS OF ROSE HILL, L.L.C., <br>    Defendants. | No. 5:98-CV-209-F(1) |

### **ORDER**

### PRELIMINARY INJUNCTION

This matter came on again for hearing before the undersigned on December 15, 1998, on the plaintiffs' Motion for Preliminary Injunction, the matter having been



continued from September 11, 1998. In the interim, the North Carolina Department of Environment and Natural Resources ("DENR"), at the court's request, filed an *amicus curiae* memorandum; the United States Environmental Protection Agency ("EPA") moved to intervene as a matter of right, pursuant to 33 U.S.C. § 1365(c)(2); and seven North Carolina environmental and citizens organizations jointly filed a motion seeking leave to file an *amicus curiae* memorandum.[1]

The propriety of entering the injunctive relief plaintiffs seek has been the subject of briefing, rebriefing and argument. The plaintiffs' request for relief is two-fold. First, they seek an order prohibiting the defendants from operating the MAG 4 facility in violation of the Clean Water Act, and second, they ask the court to require the defendants to apply for and obtain a National Pollution Discharge Elimination System ("NPDES") permit.

The permit issue has been the primary focus of the litigation to date. The defendants' position has two main points: first, the defendants contend the MAG 4 facility is not required to apply for and obtain an NPDES permit because it is not a "concentrated animal feeding operation" ("CAFO") which is a "point source" for illegal discharge, and second, that applying for an NPDES permit would be a futile exercise, because the DENR does not issue NPDES permits to swine operations such as the MAG 4 facility.

---

[1] These organizations are the Alliance for a Responsible Swine Industry, the Concerned Citizens of Tillery, the Neuse River Foundation and Rick Dove, a/k/a The Neuse Riverkeeper, the North Carolina Environmental Defense Fund, the North Carolina Coastal Federation and the Pamlico-Tar River Foundation.

2

The court's careful analysis of the parties' memoranda and oral arguments leads to the following conclusions:

1. The MAG 4 facility is a CAFO, and a "point source" for pollution. *See generally* 33 U.S.C. § 1362(14); 40 C.F.R. § 122.23(b); Plaintiffs' various memoranda filed in support of preliminary injunction; *Concerned Area Residents for the Environment v. Southview Farm*, 34 F.3d 114 (2d Cir. 1994), *cert. denied*, 514 U.S. 1082 (1995).

2. There have been at least two unauthorized discharges of swine waste from the MAG 4 facility into the navigable waters of the United States: on November 25, 1996, and on July 10, 1997. *See, e.g.,* Plaintiffs' April 13, 1998, Memorandum in Support of Preliminary Injunction at 4-7, and Exhibits 1 & 4, thereto.

3. The defendants are required to apply for an NPDES permit for the MAG 4 facility. *See* 40 C.F.R. § 122.23(a); 15A N.C.A.C. 2H.0122.

4. The defendants have not applied for an NPDES permit.

The court concludes also that all four *Blackwelder* factors[2] weigh strongly in favor of the plaintiffs, and, hence, in favor of injunctive relief. However, the court deems that the relief appropriate at this stage of the litigation is somewhat less broad than that requested by the plaintiffs. That is, the court perceives that the plaintiffs are entitled to an injunction requiring the defendants to make formal application to the State of North Carolina for an NPDES permit for the MAG 4 facility. Accordingly, plaintiffs' motion for a

---

[2] In determining whether to issue a preliminary injunction pursuant to Rule 65(a), Fed. R. Civ. P., the district court should consider (i) the likelihood of irreparable harm to the plaintiff without an injunction; (ii) the likelihood of harm to the defendant with an injunction; (iii) the plaintiff's likelihood of success on the merits; and (iv) the public interest. *See Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing Co., Inc.*, 550 F.2d 189 (1977); *accord Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997).

3

Preliminary Injunction is ALLOWED in part. It hereby is ORDERED that, on or before **January 4, 1999,** the defendants shall submit to the North Carolina Department of Environment and Natural Resources a formal application for an NPDES permit for the MAG 4 swine facility, and shall file a copy of that application with this court. Following the court's ruling on the motion by the defendants to join DENR as a party,[3] the court will enter further orders as necessary.

## OTHER MOTIONS

A. In addition, the following pending motions are ALLOWED:

1. The United States Environmental Protection Agency's Motion to Intervene;

2. Motion by the seven North Carolina environmental and citizens organizations – the Alliance for a Responsible Swine Industry, the Concerned Citizens of Tillery, the Neuse River Foundation and Rick Dove, a/k/a The Neuse Riverkeeper, the North Carolina Environmental Defense Fund, the North Carolina Coastal Federation and the Pamlico-Tar River Foundation – to file an *amicus curiae brief;* and

3. Plaintiff's Motion for Leave to File a Second Supplemental Memorandum.

B. The defendants' Motion for Judgment Dismissing the First Claim of Plaintiffs' Three Complaints is DENIED. The premise for the motion -- that NPDES permits are not required for non-discharge operations by a CAFO -- is undermined by the fact, as found by the court, that the MAG 4 facility is a CAFO and *has* unlawfully discharged.

---

[3] This motion will not be ripe until after the first of the year.

4

Therefore, the defendants are not entitled to judgment of dismissal on the plaintiffs' claim that the defendants have violated the Clean Water Act by operating a CAFO without an NPDES permit.

C. For the reasons more fully set forth in the plaintiffs' brief in support thereof, the plaintiffs' Cross-Motion for Summary Judgment as to their First Claim is ALLOWED, because the court concludes that the defendants have operated the MAG 4 swine facility in violation of the Clean Water Act by doing so without an NPDES permit, *at least* since the date of the first documented unlawful discharge.

D. Additionally, plaintiffs' Motion for Judgment as to their second claim – that the defendants have discharged pollutants into the waters of the United States without an NPDES permit in violation of Section 301 of the Clean Water Act – is ALLOWED, and the defendants' Motion for Summary Judgment is DENIED. The court has found as a fact that at least two discharges have occurred, and that the MAG 4 facility did not -- and does not -- have an NPDES permit. The defendants' arguments that the facility is not a CAFO, that the claim is based on past events, that the plaintiffs have failed to demonstrate they are entitled to injunctive relief, and that the discharge events were subject to adequate to state enforcement, all are unavailing. The court ADOPTS the plaintiffs' rationale set forth in their October 27, 1998, Reply Brief with regard to this claim.

E. Finally, on the understanding that the DENR had agreed with EPA to issue NPDES permits for CAFO's, the plaintiffs withdrew their third claim. Accordingly, both the plaintiffs' and the defendants' Motions for Summary Judgment are DENIED AS MOOT.

SO ORDERED.

This the 21st day of December, 1998.

_____
JAMES C. FOX
United States District Judge

6